UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JAMES C. MAXEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 2:21-CV-31 |
| ANNE MARIE SCHUBERT et al., | ) ) ) |
| Defendants. | ) |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed a pro se Complaint [Doc. 2] and an accompanying Motion [Doc. 1] to proceed *in forma pauperis*. The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Plaintiff is representing himself in this action.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For that reason, the statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S.Ct. at 90. An affidavit to proceed *in forma pauperis* is

sufficient if its states that the petitioner cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the Court has considered Plaintiff's Application to Proceed Without Prepayment of Fees and his economic status in determining whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding; therefore, the Application to Proceed Without Prepayment of Fees [Doc. 1], is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however, at this time.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319, 109 S.Ct. 1827.[1] The Court recommends that Plaintiff's claim not proceed for the reasons stated below.

I. FACTUAL ALLEGATIONS

In the instant action, Plaintiff alleges he has been the victim of a far-reaching criminal enterprise implicating entities ranging from the United Kingdom to the Mormon Church to the Republican and Democratic National Committees. Specifically, Plaintiff avers that on or about June 26, 2013, Plaintiff was informed of an unlawful medical experiment which took place on or about July 22, 1969. Plaintiff states that the experiment involved the United States Air Force

---

[1] While Plaintiff is not a prisoner, 28 U.S.C. § 1915 is not limited to prisoner suits despite its references to prisoners. *United States v. Floyd*, 105 F.3d 274, 36 Fed. R. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D.Pa. 1997).

implanting microchip technology into his body at Sewart Air Force Base in Tennessee. Plaintiff further alleges this technology has been used to conduct neurological research on him, to track him via GPS, and to surveil him. As a result, he asserts that he has been financially, politically, and religiously exploited. Plaintiff specifically alleges that since January 20, 2008 Defendants have committed crimes against both Plaintiff and humanity through unspecified acts of torture, trafficking, and human experimentation in violation of state, federal, and international law. Plaintiff also notes that on or about August 6, 2020 he discovered another far-reaching conspiracy involving crimes against humanity, election fraud, acts of terrorism and violations of state, federal, and international law and adds that another far reaching criminal conspiracy against him was uncovered in November 2020. Based on these claims, Plaintiff's Complaint asks the Court to require a forensic financial audit of named Defendants to account for monetary damages and to issue an injunction against Supreme Court opinions related to the constitutionality of Obamacare and the legality of gay marriage pending an emergency hearing and trial.

## II. LEGAL ANALYSIS

The Court begins its analysis by noting that Plaintiff has a long history of litigating similar matters in California. In fact, the Eastern District of California noted in 2015 that Plaintiff had "filed over one hundred and seventy civil actions in this district, the vast majority of which were summarily dismissed as frivolous or for failure to state a viable claim." *Maxey v. Brown*, No. 214-CV-2206-JAM-EFB PS, 2015 WL 13738469, at *2 (E.D. Cal. Dec. 3, 2015), *report and recommendation adopted*, No. 214-CV-2206-JAM-EFB PS, 2016 WL 738813 (E.D. Cal. Feb. 18, 2016). The substance of those actions, like the present action, were "based on plaintiff's allegations concerning a vast government conspiracy involving, *inter alia*, the implantation of a microchip in plaintiff's head." *Id.*

In undertaking the present review, the Court liberally construes Plaintiff's claims because he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). The Sixth Circuit has explained that "[t]he former [deficiency] occurs when 'indisputably meritless' legal theories underlie the complaint, and the latter when it relies on 'fantastic or delusional' allegations." *Id.* As with the claims raised in Eastern District of California, this District will dismiss claims that rely on "fantastical or delusional" allegations.[2] Here, Plaintiff's contention of vast global conspiracies to track and control his mind with a microchip and otherwise commit unspecified atrocities rely upon these types of allegations. As such, Plaintiff's claims do not have sufficient merit to warrant further legal or factual analysis. Accordingly, the Court has no choice but to recommend that Plaintiff's claims be dismissed. In making this recommendation, the Court notes that Chief District Judge McDonough recently issued an Order, Document 1 in Case No. 1:21-mc-10, enjoining Plaintiff from further filings in this Court without first seeking and obtaining permission from the Court.

### III.  CONCLUSION

As set forth above, federal courts will only entertain claims with legal and factual merit; therefore, it is **RECOMMENDED** that Plaintiff's Complaint [Doc. 2] be **DISMISSED** with prejudice because the claims set forth therein are devoid of legal and factual merit. This Report and Recommendation is presented to the District Court under the authority of *Gibson v. R.G. Smith*

---

[2] *See e.g. Dodson v. Haley*, No. 3:16-CV-354-PLR-CCS, 2016 WL 3625677, at *3 (E.D. Tenn. June 29, 2016), *aff'd*, No. 16-6196, 2017 WL 3224485 (6th Cir. May 17, 2017)(dismissing a claim of implantation of a thought processing device); and *see Modrall v. United States Dep't of Educ.*, No. 1:19-CV-00250, 2020 WL 4746464, at *2 (E.D. Tenn. May 6, 2020), *report and recommendation adopted sub nom. Modrall v. U.S. Dep't of Educ.*, No. 1:19-CV-250, 2020 WL 2732399 (E.D. Tenn. May 26, 2020) (dismissing claim alleging unspecified "atrocities" and "torture" at the hands of foreign and domestic governments and politicians).

*Co.*, 195 F.2d at 263, which directs that such matters are to proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[3]

Respectfully submitted,

s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).